UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-128-TAV-JEM |
| | ) | |
| TIMOTHY DORIAN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Timothy Dorian Thomas's Motion to Continue Trial and All Related Deadlines [Doc. 14], which he filed on December 23, 2025.

Defendant Thomas asks the Court to continue the trial date and all related deadlines associated with this matter [*Id*. at 1]. In support of his motion, Defendant asserts his counsel and the Government have been in good contact, with productive negotiations [*Id*. ¶¶ 1–2]. Defendant states that if a plea agreement is reached, it will allow the Government to avoid preparing for trial, thereby allowing it and the Court to allocate resources efficiently [*Id*. ¶ 2]. Defendant also states a continuance will serve the ends of justice [*Id*. ¶ 3]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id*. ¶ 4]. Counsel for Defendant confirmed via email correspondence with Chambers that Defendant understands his right to a speedy trial and that the time between the filing of the motion and the new trial date will be excluded from his speedy trial calculation.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Specifically, defense counsel needs time to conclude plea negotiations and, if negotiations are not fruitful, to prepare the case for trial. The Court finds that this cannot occur before the January 13, 2026 trial date.

The Court therefore **GRANTS** Defendant Timothy Dorian Thomas's Motion to Continue Trial and All Related Deadlines [**Doc. 14**]. The trial date is reset to **April 14, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Timothy Dorian Thomas's Motion to Continue Trial and All Related Deadlines [**Doc. 14**] is **GRANTED**;

(2) the trial date is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 23, 2025**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 16, 2026**;

(5) the deadline for filing motions *in limine* is **March 30, 2026**, and responses to motions *in limine* are due on or before **April 7, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 31, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 3, 2026**.

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

3

Case 3:25-cr-00128-TAV-JEM    Document 15    Filed 01/12/26    Page 3 of 3    PageID #: 46