UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,    )
   )
       Plaintiff,    )
   )
v.    )      No. 3:25-CR-128-TAV-JEM
   )
TIMOTHY DORIAN THOMAS,    )
   )
       Defendant.    )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Timothy Dorian Thomas's Motion to Continue Trial and All Related Deadlines [Doc. 16], which Defendant's prior counsel filed on March 16, 2026.

Defendant Thomas asks the Court to continue his trial date and all related deadlines [*Id.*]. In support, Defendant states his prior counsel was in good contact with the Government, and negotiations have been productive [*Id.* ¶¶ 1–2]. Defendant asserts if a plea agreement is reached, it would allow the Government and the Court to allocate their resources efficiently [*Id.* ¶ 2]. His prior counsel also accepted a position as an assistant district attorney in the Fourth District and can no longer represent clients as a defense attorney in Knoxville [*Id.* ¶ 4]. Defendant informs the Court that the Government does not oppose the requested continuance [Doc. 16 ¶ 5].

Since the filing of the motion, Defendant's prior counsel withdrew, and the Court appointed new counsel [Doc. 18]. New counsel filed a waiver signed by Defendant, which confirms that Defendant understands his speedy trial rights, waives those rights, and consents to a continuance of his trial date and all related deadlines [Doc. 20-1].

Based upon the information in Defendant Thomas's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel and counsel for the Government need additional time to continue plea negotiations, and, if necessary, prepare for trial. The Court finds that this cannot occur before the April 14, 2026, trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and All Related Deadlines [**Doc. 16**]. The trial date is reset to **July 14, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 16, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and All Related Deadlines [**Doc. 16**] is **GRANTED**;

(2) the trial date is reset to commence on **July 14, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 16, 2026**, and the new trial date of **July 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

2

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 12, 2026**;

(5) the deadline for filing motions *in limine* is **June 29, 2026**, and responses to motions *in limine* are due on or before **July 7, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 30, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 2, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3