| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-128-TAV-JEM |
| | ) | |
| TIMOTHY DORIAN THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Timothy Dorian Thomas's Motion to Continue Trial Date and All Related Deadlines [Doc. 22], which he filed on June 10, 2026.

Defendant Thomas asks the Court to continue his trial date and all related deadlines [*Id.*]. In support, Defendant states he and his counsel received and reviewed a proposed plea offer, but there is an issue needing clarification because it could affect sentencing [*Id.* ¶ 2]. His counsel needs additional time to research and make a final decision on whether to sign a plea agreement or proceed to trial [*Id.* ¶¶ 2–3]. Defendant also states his counsel was appointed on March 24, 2026, and additional time is necessary for counsel to review the discovery produced in the case [*Id.* ¶ 4]. Defendant consents to the continuance and waives all speedy trial rights associated with this request [*Id.* ¶ 5]. Defendant also represents the Government has no objection to this Motion [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C.

§ 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review a plea agreement, conduct research, review discovery, and, if necessary, prepare for trial. The Court finds that this cannot occur before the July 14, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial Date and All Related Deadlines [**Doc. 22**]. The trial date is reset to **September 15, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on June 10, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and All Related Deadlines [**Doc. 22**] is **GRANTED**;

(2) the trial date is reset to commence on **September 15, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **June 10, 2026**, and the new trial date of **September 15, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 14, 2026**;

(5) the deadline for filing motions *in limine* is **August 31, 2026**, and responses to motions *in limine* are due on or before **September 8, 2026**;

2

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 1, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 4, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3